## IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

**FOR PUBLICATION**

**Filed:**   September 8, 1998   

ANN C. SHORT,                                  )
                                               )
        PETITIONER,                            )
                                               )
v.                                             )        NO. 01S01-9704-OT-00078
                                               )
CHARLES E. FERRELL,                            )
in his official capacity as the                )
Administrative Director of the Courts,         )
                                               )
        RESPONDENT.                            )

**FILED**

**September 8, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

FOR PETITIONER:                    FOR RESPONDENT:

ANN C. SHORT                       JOHN A. DAY
KNOXVILLE                          NASHVILLE

# O P I N I O N

REMANDED                                              HOLDER, J.

**OPINION**

This cause comes to us on a common law writ of certiorari to review a fee dispute in a post-conviction proceeding involving an indigent defendant, David McNish. The issue is whether an attorney appointed to review the records in a post-conviction proceeding may exceed the maximum allowable rates for attorneys representing indigent defendants. We hold that: (1) Tenn. Sup. Ct. R. 13 (1996) required an attorney performing services as an "expert" to obtain prior approval for an hourly rate in excess of the hourly rate provided for attorneys in Rule 13; and (2) the trial court should have explicitly set forth the approved "expert" hourly rate in its order if such rate was intended to exceed the normal hourly rate provided for attorneys in Rule 13.

The petitioner, Ann C. Short, was appointed to serve as an "expert" to review trial counsel's performance in a case where a defendant sought post-conviction relief. The order approved $ 2,500.00 for petitioner's services. The trial court's order, however, did not set forth an hourly rate for which the petitioner could bill the State. The petitioner also did not seek prior approval from the Administrative Office of the Courts ("AOC") for an hourly rate exceeding the hourly rate permitted by Rule 13 for attorneys. At the time of the petitioner's services, Rule 13 provided for a rate of $ 40.00 an hour for an attorney's out-of-court services and $ 50.00 an hour for in-court services.

The petitioner submitted two separate bills to the AOC for her services. The petitioner initially billed the State, in December of 1996, for 34.50 hours at a rate of $ 150.00 an hour for a total of $ 5,175.00. The AOC paid the petitioner $ 1,380.00, which equated to 34.50 hours at the out-of-court hourly rate of $ 40.00. In March of 1997, the petitioner billed the State an additional

2

$ 6,832.50. The March bill was comprised of 20.25 hours billed at an hourly rate of $ 150.00 for a total of $ 3,037.50 and $ 3,795.00 for the unpaid portion of the December bill. The petitioner has not received any compensation for the March bill.

Upon review of Rule 13(2)(B)[1] in conjunction with the entire Rule, we hold that Rule 13 required prior authorization before an attorney's services designated as "expert" may be billed at an hourly rate in excess of the Rule 13 designated amount. Such authorization must set forth in an order by the trial court the hourly rate to be billed. The petitioner did not procure prior explicit approval for an hourly rate exceeding $ 40.00 an hour and is, therefore, limited to the rate of $ 40.00 an hour. The AOC neither abused its discretion nor acted arbitrarily in reducing the petitioner's hourly rate from $ 150.00 to $ 40.00 an hour. See McCallen v. City of Memphis, 786 S.W.2d 633, 638 (Tenn. 1990) (setting forth standard of review for common law writ of certiorari as whether trial court exceeded jurisdiction or acted illegally, arbitrarily or fraudulently).

---

[1]Tenn. Sup. R. 13 § 2(B) provides:

A two step procedure must be followed in obtaining authorization for compensation in a capital case. First, the appropriate court, trial or appellate, shall determine reasonable compensation to be allowed the attorney based upon the services rendered in the court. Second, the claim will be submitted to the Administrative Director of the Courts for final approval by the Administrative Director of the Courts and the Chief Justice.

In capital cases, the court may determine that investigative or expert services, or other similar services are necessary to ensure the protection of the constitutional rights of a defendant. (Tenn. Code Ann. § 40-14-207). The defense counsel must seek prior approval for such services by submitting a written motion to the Court setting forth:

(a) the name of the proposed expert or service;

(b) how, when and where the examination is to be conducted or the services are to be performed;

(c) the cost of the evaluation and report thereof;

(d) the cost of any other necessary services, such as court appearances.

3

The cause is remanded to Charles Ferrell, Director of the Administrative Office of the Courts, for consideration of the March 11, 1997, bill which shall be paid in accordance with the mandates of Rule 13 and this opinion. Payment to the petitioner, however, shall not exceed the $ 2,500.00 cap set by the trial court. Costs shall be taxed against the petitioner, Ann C. Short, for which execution may issue if necessary.

                                        JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota and Birch, J.J.
Reid, Sp.J.